19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Pak-Sang John CHUNG, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9571.
 United States Court of Appeals, Tenth Circuit.
 March 25, 1994.
 
 Before MOORE, ANDERSON and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 Pak-Sang John Chung petitions for review of a final order of the Board of Immigration Appeals dated July 1, 1993, in which the Board vacated the decision of the immigration judge entered on February 5, 1988, and denied the petitioner's request for suspension of deportation under section 244 of the Immigration and Nationality Act, 8 U.S.C. 1254.[2] The petitioner contends that the Board abused its discretion when it found he failed to satisfy the "extreme hardship" requirement of the Act, either as to himself or to his United States citizen child.
 
 
 3
 Expanding on his contention, the petitioner claims that the Board misapplied the "balancing test" and law from the cases of Ramirez-Durazo v. INS, 794 F.2d 491, 497-99 (9th Cir.1986), and Matter of Anderson, 16 I. & N. Dec. 596 (1978), and failed to consider the hardship posed by psychological and emotional problems suffered by his child. He also argues that the Board abused its discretion in reversing the decision of the immigration judge since that judge was the one who was able to personally "see, talk to and assess the credibility and sincerity of the applicants." Petitioner's Brief at 3. And, finally, he contends that the Board failed to articulate sufficiently its reasons for its decision. Id.
 
 
 4
 We recently stated the standards and legal principles controlling our review of a Board decision that a petitioner has failed to establish "extreme hardship." See Panrit v. INS, No.93-9554, 1994 WL 88080 (10th Cir. Mar.21, 1994); Turri v. INS, 997 F.2d 1306, 1308-09 (10th Cir.1993). We have analyzed this case under those standards and principles and conclude that the Board's denial of suspension of deportation was not an abuse of discretion. The Board articulated reasons for its position sufficient for a meaningful review, including a discussion of the economic and communal hardship factors cited by the petitioner, and the hardship to his citizen child. Under the circumstances, we cannot second-guess the Board. See Turri, 997 F.2d at 1308.
 
 
 5
 Accordingly, the petition for review is hereby DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Our review is confined to the sole party named in the petition, Pak-Sang John Chung, Fed. R.App. P. 15, even though the proceedings below also involved Julia Oi-Yin Chung. The briefs alternately refer to one or both individuals